IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| KAUFMAN CONTAINER, | |
| Defendant. | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Helen Werman, who was affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Kaufman Container failed to accommodate Ms. Werman's disability, diabetic retinopathy, and terminated her employment because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the State of Minnesota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Kaufman Container ("Kaufman") has been doing business in the State of Minnesota, and has had at least 15 employees.

5. At all relevant times, Kaufman has been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Kaufman has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Helen Werman filed a charge with the EEOC alleging violations of Title I of the ADA by Kaufman. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Helen Werman is a qualified individual with a disability, diabetic retinopathy.

9. On or about October, 2004, Kaufman refused to provide a reasonable accommodation to permit Werman to perform the essential functions of her position, and

terminated her employment as a machine operator/packer because of her disability, in violation of Section 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and 12112(b)(5)(A).

10. The effect of the practices complained of in paragraph 9 above has been to deprive Helen Werman of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Helen Werman.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, which provide for reasonable accommodations for qualified individuals with disabilities, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Helen Werman by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place reinstatement to her former position with reasonable accommodations to enable

her to perform the essential functions of her position.

    D.    Order Defendant to make whole Helen Werman by providing compensation for pecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including, but not limited to, job search expenses and medical expenses.

    E.    Order Defendant to make whole Helen Werman by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Helen Werman punitive damages for its malicious and reckless conduct, as described in paragraph 9 above, in an amount to be determined at trial.

    G.    Grant such other relief as the Court deems just.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> RONALD S. COOPER
> General Counsel
>
> JAMES LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> Equal Employment Opportunity Commission
> 1800 L Street, N.W.
> Washington, DC 20507
>
> John Hendrickson
> Regional Attorney
>
> Jean P. Kamp
> Associate Regional Attorney
>
> Robert Tomlinson
> Senior Trial Attorney
>
> Equal Employment Opportunity Commission
> Milwaukee Area Office
> 310 West Wisconsin Avenue, Suite 800
> Milwaukee, Wisconsin 53203-2292
> (414) 297-3465