**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| UNITED STATES ) | |
| EQUAL EMPLOMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| ) | |
| HELEN WERMAN, ) | |
| ) | |
| Plaintiff-Intervenor, ) | CASE NO. 06-CV-03879 (JNE/SRN) |
| ) | |
| v. ) | |
| ) | |
| KAUFMAN CONTAINER, ) | |
| ) | |
| Defendant. ) | |

_____

**CONSENT DECREE AND ORDER**

This action was filed by the Equal Employment Opportunity Commission ("Commission") in November 2006, pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12117(a). The Commission alleged that in the fall of 2004, Defendant Kaufman Container ("Kaufman") refused to provide a reasonable accommodation to Helen Werman and terminated her employment, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a). Kaufman answered the Commission's Complaint and denied the allegations.

The Commission and Kaufman (the "parties") have agreed to resolve this matter pursuant to this Consent Decree, to avoid the cost, uncertainty and inconvenience of trial on the merits.

**NOW, THEREFORE,** the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, it is **ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action and over the parties for purposes of entering and enforcing this Decree.

2. The terms of this Decree are adequate, fair, reasonable, equitable and just.

3. This Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA, and will be in the best interests of the Commission and Kaufman, those for whom EEOC seeks relief, and the public.

4. The parties have agreed to resolve this matter pursuant to this Consent Decree, to avoid the cost, uncertainty and inconvenience of trial on the merits.

5. This Decree resolves all claims arising out of the Charge of Discrimination filed by Helen Werman against Kaufman Container, EEOC Charge No. 265-2005-01067, and constitutes a complete resolution of all claims under the ADA that were made or could have been made based upon that charge. The parties further agree that this Decree does not resolve any other claims.

**INJUNCTIVE RELIEF**

1. Injunction.

Kaufman shall follow the ADA and all other federal, state and local laws regarding disability discrimination

2. No Retaliation.

Kaufman will not retaliate against any person because he or she has engaged in protected activity under the ADA.

3. Training.

Kaufman shall provide training with regard to the Americans with Disabilities Act ("ADA") to all of its human resources employees, managers, supervisors, and all others with day-to-day ADA responsibility in its Minnesota facility once per year for the next two years. Beginning six months from the date of entry of this Consent Decree and Order, Kaufman shall annually provide the EEOC's Milwaukee Area Office with a list of those trained and the date and description of the training provided.  Such training shall be conducted by one or more outside trainers chosen by Kaufman with the consent of the Commission, and shall include training in regard to disability discrimination, including reasonable accommodations, and the ADA.

4. <u>Posting.</u>

Kaufman shall place a public notice, in a conspicuous place, at its offices throughout the U.S., for a period of two years from the date of entry of this Consent Decree and Order. The notice shall be in the form attached hereto as Exhibit A and captioned "Notice To All Employees."

5. <u>Dissemination of Policy Statement.</u>

Kaufman agrees to issue and disseminate, within 30 days of execution of this Consent Decree, a statement to all of its human resources employees, managers, supervisors, and all others with day-to-day ADA responsibility in its Minnesota facility, in the form attached as Exhibit B (or in such other form as it may choose, with the consent of the Commission), affirming its obligation to comply with the ADA, and affirming that it is the responsibility of all of Kaufman's employees to comply with the ADA. Once each year for the next two years, Kaufman shall re-issue the policy statement on an annual basis, to all of its human resources employees, managers, supervisors, and all others with day-to-day ADA responsibility.

6. <u>Certification to Commission.</u>

Upon each annual compliance with paragraph 5 of this Consent Decree, Kaufman shall promptly certify to the undersigned counsel for the Commission that Kaufmans have complied with it.

7. Record Retention.

For two years from the entry of this Consent Decree and Order, Kaufman shall maintain records containing the name of every employee who requests an accommodation, and the result of the request.  Kaufman shall make such records available for inspection by the Commission pursuant to Paragraph 9 herein.

8. Reporting

For two years from the entry of this Consent Decree and Order, Kaufman shall report in writing, to the undersigned counsel for the Commission (on a semiannual basis every June 30 and December 31 starting with June 30, 2008), the name, address, phone number, job title, of each employee who requests an accommodation due to a disability during that year and whether the request was granted. Kaufman shall also maintain such documents for the two-year term of this Decree, and shall make such documents available for inspection by the Commission pursuant to Paragraph 6 herein. Upon the termination of this Decree, Kaufman, shall retain documents pursuant to 29 C.F.R. §1602.14.

9.  Right of Entry for Inspection

During the term of this Decree, The Commission shall have the right, on 48 hours' written notice to Kaufman, to enter upon Kaufman's offices and inspect any relevant documents or records for the purpose of determining Kaufman's compliance with this Consent Decree and Order.

**MONETARY RELIEF**

Kaufman agrees, within 30 days of signature of this Consent Decree and Order by the Court, to pay One Hundred Twenty Thousand Dollars ($120,000.00) to Mrs. Werman. Ms. Werman will sign a Release negotiated by her and her private counsel. The Commission is not a party to this Release, and has not approved it.  Kaufman shall mail the payment to Attorney Donald S. Arbour, Esq., at 700 Lumber Exchange Bldg., 10 South Fifth Street, Minneapolis, MN 55402, and shall simultaneously provide a copy of the payment check(s) to the undersigned counsel for the Commission.

**SO ORDERED, ADJUDGED AND DECREED this 17th day of January, 2008.**

                                        s/  Joan N. Ericksen
                                        Honorable Joan N. Ericksen
                                        United States District Court Judge

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS

Associate General Counsel

| | |
|---|---|
| /s/John C. Hendrickson | January 2, 2008 |
| JOHN C. HENDRICKSON | Date |
| Regional Attorney | |

/s/ Jean P. Kamp                                                                January 2, 2008
Jean P. Kamp                                                                    Date
Associate Regional Attorney

/s/ Robert F. Tomlinson                                                         January 2, 2008
Robert F. Tomlinson                                                             Date
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
310 West Wisconsin Avenue, Suite 800
Milwaukee, Wisconsin 53203


By: s/James Andreen                                                             January 2, 2008
James R.Andreen                                                                 Date
Attorney for Kaufman Container
ERSTAD & RIEMER
8009 34th Avenue South, Suite 200
Minneapolis, Minnesota  55425




**Exhibit A**


NOTICE TO ALL EMPLOYEES

NOTICE TO EMPLOYEES AND JOB APPLICANTS


This Notice is posted as part of a remedy agreed to pursuant to a Consent Decree entered in the case of Equal Employment Opportunity Commission (EEOC) v. Kaufman Container, Inc. ,which was filed by the EEOC on behalf of both the federal government and an individual with a disability who was an employee of Kaufman.

Federal law prohibits discrimination against any employee because of race, national origin, color, religion, sex, disability or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal law prohibits retaliation against persons who complain of or oppose practices they believe are discriminatory on the basis of race, national origin, color, religion, sex, disability, or age (forty and over), and persons who file charges with the EEOC or a state fair employment practices agency, or cooperate with or participate in an investigation conducted by the EEOC or a state fair employment practices agency. Kaufman Container, Inc. supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Specifically, Kaufman Container, Inc. will not tolerate discrimination in employment, or retaliation against any employee for exercising rights protected by federal law.

Employees and applicants should report possible discrimination to Kaufman Container [local HR] as soon as possible. Kaufman will follow its policies and procedures to promptly investigate all such reports and to protect the person making the report from retaliation, including retaliation by anyone alleged to have committed the discrimination or harassment. or the local EEOC office in Minneapolis. EEOC charges no fee for its services, and has employees who speak languages other than English.  EEOC's offices are accessible to individuals with disabilities.

THIS IS AN OFFICIAL NOTICE
AND MUST NOT BE DEFACED BY ANYONE

Dated: _____